IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSHUA GONZALEZ, | § | |
| | § | No. 297, 2018 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID. N1604016007 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: September 26, 2018
Decided: November 15, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

# **O R D E R**

Upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1)    On October 6, 2017, a Superior Court jury found the appellant, Joshua Gonzalez, guilty of Murder in the First Degree, Attempted Murder in the First Degree, and seven additional related felony offenses.  On May 25, 2018, the Superior Court sentenced him to 140 years at Level V incarceration, to be suspended after fifty-five years and six months in prison for decreasing levels of supervision.  This is Gonzalez's direct appeal.

(2)    Gonzalez's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c).  Counsel asserts that, after a complete and careful examination of

the record, there are no arguably appealable issues. By letter, Gonzalez's attorney informed him of the provisions of Rule 26(c) and provided Gonzalez with a copy of the motion to withdraw and the accompanying brief. Gonzalez also was informed of his right to supplement his attorney's presentation. Gonzalez did not file a written response raising any issues for this Court's consideration.[1] The State has responded to the position taken by Gonzalez's counsel and has moved to affirm the Superior Court's judgment.

(3) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]

(4) The Court has reviewed the record carefully and has concluded that Gonzalez's appeal is wholly without merit and devoid of any arguably appealable

---

[1] Gonzalez orally informed his counsel that he wanted to raise a claim of ineffective assistance of trial counsel, but he did not submit any argument in writing for the Court to review. Even if he had, this Court will not review a claim of ineffective assistance of counsel for the first time on direct appeal. *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

issue. We also are satisfied that Gonzalez's counsel has made a conscientious effort to examine the record and the law and has properly determined that Gonzalez could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:


/s/  James T. Vaughn, Jr.
                Justice